UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS W. EATOUGH,<br><br>Defendant. | No. 2:13-cr-00214-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Chris W. Eatough's ("Defendant") Motion for Clarification of the Restitution Order. (ECF No. 59.) The Government has filed a response. (ECF No. 62.) For the reasons set forth below, the Court finds Defendant's restitution is completely satisfied by the forfeiture and sale of the properties described in the Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11(c)(1)(C)") plea agreement.

///
///
///
///
///
///
///

1

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On June 20, 2013, Defendant pleaded guilty to an information charging misprision of a felony in violation of 18 U.S.C. § 4.  (ECF No. 5.)  On March 1, 2018, Defendant was sentenced to probation for a term of 24 months and was ordered to pay restitution in the amount of $950,000, payment to begin immediately.  (ECF No. 56.)  The Judgment provides "the [D]efendant must make restitution" in the amount of $950,000 and payment is to begin immediately.  (ECF No. 57 at 5–6.)  On July 29, 2021, Defendant filed the instant motion for clarification of the restitution order.  (ECF No. 59.)  On September 3, 2021, the Government filed a response.  (ECF No. 62.)

II.   **ANALYSIS**[1]

Defendant argues that he has "fully satisfied his restitution obligation by executing the appropriate forfeiture documents and paying any additional funds he owed to the Clerk of the Court," but notes the individuals responsible for collecting restitution have not recognized that his Rule 11(c)(1)(C) plea agreement provides restitution is completely satisfied by the forfeiture of the properties described.  (ECF No. 59 at 6–7.)  Instead, Defendant contends these individuals consider only the amount stated in the Judgment — $950,000 — and assume incorrectly the Court rejected the agreement and required the payment of the difference between the amount paid/forfeited and the amount articulated in the Judgment.  (*Id.* at 7.)  Defendant notes that his tax refund was confiscated and applied to an outstanding restitution balance.  (*Id.* at 3–4.)

In response, the Government concedes the parties agreed in the Rule 11(c)(1)(C) plea agreement that "full restitution will be paid to the [United Auburn Indian Community ("UAIC")] by the forfeiture" of two assets, but notes the Court's sentence at the conclusion of the sentencing hearing ordered Defendant to pay restitution in the amount of $950,000 and the Judgment reflects

---

[1]   As a preliminary matter, the Court notes that it "retain[s] the power to enforce the order of restitution, even if it did not condition supervised release on complying with a particular schedule." *U.S. v. Carter*, 742 F.3d 440, 445 (9th Cir. 2104) (citing *United States v. Mays*, 430 F.3d 963, 967 (9th Cir. 2005)).  The Ninth Circuit has held that in enforcing such an order, district courts have "the power to account for the original amount due, and to calculate credits, payments, and the balance owing, if any." *Id.* (citing *United States v. Bright*, 353. F.3d 1114, 1122 (9th Cir. 2004)).

1  the same.  (ECF No. 62 at 1–2.)  The Government maintains it requested the Court to enter a
2  restitution amount it believed would be fully satisfied by Defendant's assets to be forfeited, but
3  simply because the value of these assets applied to his restitution obligation fell short does not
4  mean the Judgment of $950,000 is unclear.  (*Id.* at 2–3.)  The Government notes that had it
5  known the value of the assets would fall short, it would have recommended a lower restitution
6  amount or asked to continue the sentencing hearing until more information about the assets' value
7  was obtained.  (*Id.* at 2–3.)

8  "The intent of the sentencing court must guide any retrospective inquiry into the term and
9  nature of a sentence."  *Carter*, 742 F.3d 440 (quoting *Fenner v. U.S. Parole Comm'n*, 251 F.3d
10 782, 786 (9th Cir. 2001)) (quotation marks omitted).  "Thus, to the extent that there is an
11 ambiguity in the sentence, [a reviewing court] properly may consider the sentencing judge's
12 subjective intent" and such intent "is to be determined by reference to the entire record."  *Id.*
13 (citing *Fenner*, 251 F.3d at 786).  Here, consideration of the entire record demonstrates that at the
14 time of sentencing it was this Court's intent and understanding to require Defendant to
15 completely satisfy the restitution requirement through the forfeiture and sale of the assets outlined
16 in the Rule 11(c)(1)(C) plea agreement.

17 First, the Rule 11(c)(1)(C) plea agreement states Defendant agrees to pay restitution to the
18 UAIC "in an amount between $600,000 and $950,000" and "[t]he parties agree that full
19 restitution will be paid to the UAIC by the forfeiture of the following assets: [1] Defendant's full
20 ownership interest in Yreka Junction Investors, LP; [and] [2] The total proceeds from the sale of
21 the office building located at 1358 Blue Oaks Boulevard, Roseville, California (APN: 017-250-
22 034-000), or $150,000, whichever is greater."  (ECF No. 7 at 3.)  The plea agreement further
23 states Defendant "agrees to comply with any restitution order issued by this Court."  (*Id.*)

24 Second, the Government's sentencing memorandum requests the Court to order the
25 Defendant to pay restitution to the UAIC pursuant to the exact terms outlined in the Rule
26 11(c)(1)(C) plea agreement.  (ECF No. 50 at 3.)  The Government also "recommends that the
27 Court impose a restitution order in this case of $950,000," noting that "it believes the total value
28 of the forfeited assets identified in Section VI will satisfy that restitution."  (*Id.* at 6.)

Third, in pronouncing the sentence, this Court stated: "It is further ordered that [D]efendant shall pay restitution in the amount of $950,000, payment to begin immediately . . . And I know there's a check — he has a check today and he can satisfy the obligation." (ECF No. 59 at 24.)

Fourth, as noted previously, the Judgment provides "the [D]efendant must make restitution" in the amount of $950,000 and payment is to begin immediately. (ECF No. 57 at 5–6.)

Defendant is entitled to the benefit of his bargain. *See United States v. Heredia*, 768 F.3d 1220, 1231 (9th Cir. 2014) ("The government's promise to recommend a particular disposition can be broken either explicitly or implicitly . . . The government is under no obligation to make an agreed-upon recommendation 'enthusiastically' . . . However, it may not superficially abide by its promise to recommend a particular sentence while also making statements that serve no practical purpose but to advocate for a harsher one." (internal citations omitted).) Based on the foregoing, it is clear the intent of the parties was to require restitution in the amount of the assets forfeited by Defendant. It was also the Court's intent to sentence Defendant according to the parties' intent and the Rule 11(c)(1)(C) plea agreement. The Court acknowledges this should have been made explicit during Defendant's sentencing hearing.

### III.  CONCLUSION

Based on the foregoing, the Court finds Defendant's restitution is completely satisfied by the forfeiture and sale of the properties described in the Rule 11(c)(1)(C) plea agreement.

IT IS SO ORDERED.

Dated:  October 18, 2021

Troy L. Nunley
United States District Judge